■ In the Matter of the Claim of HAROLD SEAMAN, Appellant, against HEWLETT FIRE DEPARTMENT OF HEWLETT BAY FIRE DISTRICT et al., Respond-

ents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board. Claimant, a volunteer fireman, attended a firemen's convention as a delegate. He stayed at a motel where he fell and was injured while taking a shower some time prior to a morning session of the convention. His claim for benefits under the Volunteer Firemen's Benefit Law has been disallowed, the board finding that at the time of his fall he " was engaged in a purely personal act." We find nothing in the record to warrant our disturbing that finding. Claimant relies principally upon *Matter of Miller v. Bartlett Tree Expert Co.* (3 N Y 2d 654) but there the court (p. 656) related the taking of a bath to the employment, " under the circumstances  *  *  *  involved", i.e., claimant's work, on a hot · day, examining · moss, wood and clumps of earth for worms and insects and digging into the soil, so that claimant became " pretty grubby ", and after the conclusion of this field session in the late afternoon was injured while preparing for an indoor evening session by stepping into the bathtub to take a shower. We find nothing in the case before us to except it from the general rule as to acts purely personal. (See *Matter of Pisko v. Mintz,* 262 N. Y. 176; *Matter of Davidson v. Pansy Waist Co.,* 240 N. Y. 584.) Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.